Robert MOORE, Respondent,

and

Mary Moore, Plaintiff,

v.

Mark R. CORDES, Appellant.

No. WD 56834.

Missouri Court of Appeals,
Western District.

May 31, 2000.

James J. Beisman, Jr., Ryan E. Karaim, Kansas City, for respondent.

R. Scott Smith, Daniel J. Haus, Kansas City, for appellant.

Before: LAURA DENVIR STITH, P.J., and HOWARD and NEWTON, JJ.

## OPINION AND MEMORANDUM

### PER CURIAM.

Plaintiff filed a claim against defendant for property damages sustained in an automobile accident and defendant counterclaimed for his property damages. Defendant Mark R. Cordes appeals the trial court's judgment following the jury's return of verdicts finding him 75% at fault in an automobile collision and plaintiff Robert Moore 25% at fault. He raises eight points on appeal.

As to the first seven points, we have reviewed those contentions and find no error appears as claimed. An extended opinion as to those points would have no precedential or jurisprudential value. Therefore, points one through seven are affirmed in accordance with Rule 84.16(b). The parties have been provided a memorandum opinion on those points.

The remaining point on appeal goes to assessment of costs. The jury found defendant 75% at fault in the collision and plaintiff 25% at fault, but the trial court assessed all costs of the action against Mr. Cordes. As this was in error according to Missouri's Comparative Fault Act, we reverse that portion of the judgment as it relates to costs and remand with instructions to the trial court to enter a judgment in accordance with this opinion.

### Background

On March 24, 1997, plaintiff's and defendant's vehicles collided on 39 th Street near Broadway in Kansas City, Jackson County, Missouri. Plaintiff and his wife filed suit against defendant for property damage to their vehicle and personal injuries to Mrs. Moore. Defendant filed a counterclaim against Mr. Moore for damage to his automobile. Just prior to the trial, Mrs. Moore dismissed her claims without prejudice at her cost. A trial on plaintiff's and defendant's property damage claims was held December 7 and 8, 1998, in which a jury found defendant 75% at fault and plaintiff 25% at fault. The jury determined each party's total damages and the trial court reduced the awards according to the percentage of fault determinations. After defendant's "Motion to Correct or Modify the Judgment in Terms of the Costs Assessed" and "Motion for a New Trial" were denied by the trial court, defendant filed this appeal alleging several grounds of error by the trial court. As stated before, we have issued a memorandum opinion to the parties on the first seven points on appeal, and the remaining portion of this opinion relates only to the point on which we reverse and remand with instructions the portion of the judgment as it relates to costs.

### Assessment of Costs

Defendant alleges the trial court erred in its assessment of all costs to defendant. We agree.

Section 514.060 RSMo 1994, clearly states that "[i]n all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." *See also* Rule 77.01 – Costs – Recovery in Civil Actions; § 514.110 RSMo 1994. In this case, the jury awarded both parties money damages and assessed their comparative fault. Although plaintiff was found to be less at fault than defendant, the jury assessed some fault to him nonetheless. As this court has explained, in our system of comparative fault, there can be more than one "prevailing party" entitled to his or her costs because:

In the context of the Comparative Fault Act our law adopts, a claim and a counterclaim are not set off against the other. Rather, each presents a separate issue. [Citation omitted.] In the case of money judgments on multiple causes of action ex delicto under this system, counterclaims do not reduce claims – only the comparative fault of each actor does. Thus, as here – the claimant and counterclaimants may all have verdicts based on damages proximately incurred

from the breach of duty owed by one to another – and then have them entered as judgments as reduced by the court by the percentage of fault assessed to that actor. [Citation omitted.] Under the rule of decisions rendered under § 514.060 [Rule 77.01] and ex delicto § 514.110, each of the affirmative claimants ... is a prevailing party. Each is entitled to recover costs of the action according to the percentage of comparative fault found against the other party.... § 514.160.

*Jorgensen v. City of Kansas City,* 725 S.W.2d 98, 111 (Mo.App. W.D.1987). Thus, the result would be 25% recovery of his costs by defendant Mr. Cordes against Mr. Moore and 75% recovery of his costs by Mr. Moore against Mr. Cordes.

### Conclusion

The trial court therefore erred in assessing all of the costs of the action as between Mr. Moore and Mr. Cordes against Mr. Cordes. Accordingly, we reverse that portion of the court's judgment as it relates to costs and remand to the court with directions to enter judgment concerning their costs according to the percentages of comparative fault assessed by the jury against each party. A memorandum discussing the points not covered in this opinion has been furnished to the parties pursuant to Rule 84.16(b).